1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                        SAN JOSE DIVISION

6

7   USA,                              Case No.  12-cr-00886-BLF-1

            Plaintiff,
8
                                      **ORDER RE:** ***IN CAMERA*** **INSPECTION**
9        v.                           **OF DOCUMENTS RELATED TO**
                                      **DEFENDANT'S RULE 17(C)**
10  KEITH LARSON,                      **SUBPOENA**

            Defendant.
11

12

13          On December 2, 2014, this Court undertook an *in camera* review of two documents

14   deemed responsive to a Rule 17(c) subpoena issued in the above-captioned case. The Court

15   previously denied in part a Motion to Quash the subpoena with regard to two documents: (1) a 47-

16   slide PowerPoint presentation entitled "Basic Undercover Operations Online & Backstopping of

17   Under Cover Agents Online," and (2) an 86-slide PowerPoint presentation entitled "On-Line Chat

18   Investigations." *See* ECF 116. The Government asserted the Law Enforcement Privilege (LEP)

19   with regard to these two documents. After reviewing the law governing the LEP, including the

20   ten-factor test articulated by the D.C. Circuit in *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir.

21   1978), the Court stated:

22              Although the Court is persuaded that the LEP does not shield these
                documents from disclosure in their entirety, and that a protective
23              order would adequately address the confidentiality concerns raised
                by the Government, a final determination regarding the scope of
24              disclosure cannot be made until the Court has had the opportunity to
                review the documents *in camera*.
25

26   Order on Motion to Quash, ECF 116 at 7.

27          The Government filed a brief outlining the portions of these two documents it sought to

28   redact pursuant to the LEP. ECF 122. In its brief, the Government set forth generalized

1    descriptions of the nature of the redacted information. In response to the Government's

2    descriptions, Defendant opposed some, but not all, of the redaction requests. ECF 127.

3            Following briefing and argument by counsel for both parties, the Court conducted an *in*

4    *camera* review to determine (1) whether the Government's general descriptions of the redactions

5    requested fairly portrayed the content of the documents, such that Defendant had the ability to

6    object given as complete information as possible, and (2) whether the redactions requested were

7    appropriate pursuant to the LEP. The transcript of the *in camera* review, in which the Court

8    provides specific reasons for granting or denying each requested redaction, is sealed. During the

9    December 2 hearing the Court provided Defendant with its ruling as to each redaction request.

10   Below, the Court briefly provides its reasons for granting or denying the redactions without

11   revealing the content of the information redacted.

12       **A.      Proposed Redactions in the "Basic Undercover Operations Online . . ."**

13               **PowerPoint**

14           The government requests the Court redact portions of seven sets of pages in this

15   PowerPoint presentation.

16                   *1.      Pages 5-8*

17           Defendant objected to this redaction request "to the extent that [it] relate[s] to child

18   exploitation." The Court finds that these pages do not in any way pertain to child exploitation

19   investigations and thus fall outside the scope of the subpoena. As such, the court PERMITS the

20   redactions requested by the Government.

21                   *2.      Pages 11-13, Pages 15-18, and Pages 20-31*

22           The Court finds that the information the Government seeks to redact in these three sections

23   is technical information, including information about hardware and software used in

24   investigations. Defendant did not object to the Government's sealing requests as to these three

25   sections, *see* ECF 122, and the Court finds that the Government's general descriptions of the

26   information contained within these sections was accurate. The Court therefore PERMITS the

27   redactions requested by the Government in these three sections.

28

United States District Court
Northern District of California

### 3. Pages 32-33

The Court finds that the information the Government seeks to redact in these two pages does not relate to the issues in this case regarding child exploitation. The Court PERMITS the redactions requested.

### 4. Pages 34-42

The Court ORDERS PRODUCED page 34. The Court PERMITS the Government's redactions as to pages 35 through 37, as the information contained in these pages is unrelated to child exploitation investigations. The Court PERMITS the Government's redactions as to pages 38 through 40, as disclosure of that information would expose agency security and reveal investigative techniques, thus possibly thwarting ongoing investigations. The Court ORDERS PRODUCED page 41. The Court PERMITS the Government's redactions as to page 42, as the information contained in that page could thwart ongoing investigations if revealed.

### 5. Pages 44-45

The Court ORDERS PRODUCED page 44. The Court PERMITS the Government's redactions as to page 45, as disclosure of the information contained in that page could harm agency security and agent safety.

**B.    Proposed Redactions in the "On-Line Chat Investigations" PowerPoint**

The Government also requests that the Court redact portions of seven sets of pages in this PowerPoint presentation.

### 1. Pages 4-6

The Defendant did not object to this redaction request, and the Court finds that the general description provided by the Government is accurate. *See* ECF 122 at 5. The Court PERMITS these redactions on the grounds that the information the Government seeks to redact is technical information about hardware and software.

### 2. Pages 28-31

The information contained in these four pages provides examples to agents on how to conduct their own undercover investigations. As such, disclosure of this information could impair and thwart ongoing investigations, and the Court PERMITS the Government's proposed

United States District Court
Northern District of California

3

1    redactions.

2                    *3.       Pages 39-47*

3           The Court ORDERS PRODUCED page 39. The Court PERMITS the proposed redactions

4    of pages 40 through 42 because the information contained in these pages, if disclosed, could

5    thwart existing undercover investigations.

6           The Court ORDERS PRODUCED pages 43 through 47 because the information contained

7    in these documents does not fall within the LEP. However, the Court determines that the

8    information contained within these pages will require an enhanced protective order before they are

9    disclosed to the Defendant.[1]

10                    *4.       Pages 48-49*

11          The Court PERMITS the Government's proposed redactions to pages 48 and 49, as the

12   information included in these pages is akin to "surveillance locations" and, as such, is protected by

13   the LEP. *Cf. United States v. Van Horn*, 789 F.2d 1492 (11th Cir. 1986).

14                    *5.       Pages 50-67, Pages 69-80, and Pages 81-86*

15          The Court ORDERS PRODUCED page 50. The remaining pages in these three sections

16   consist of three "case studies" regarding undercover investigations. The Court ORDERS

17   PRODUCED pages 51 through 67, and pages 69 through 86, however, the information contained

18   within these pages will only be produced pursuant to an enhanced protective order. The Court

19   FURTHER ORDERS that the pictures and identification of the individuals referenced in these

20   case studies shall be redacted.

21          **C.       The LEP Balancing Test**

22          When determining whether information is protected by the LEP, courts employ a balancing

23   test, weighing the defendant's need for the information against the policies underlying the LEP.

24   *See, e.g.*, *United States v. Harley*, 682 F.2d 1018, 1020-21 (D.C. Cir. 1982) ("The degree of the

25   handicap [facing the defense] must then be weighed by the trial judge against the policies

26   _____

27   [1] The Government shall draft an enhanced protective order that covers these pages, as well as the
     other pages in this Order that the Court finds should be subject to such an enhanced protective

28   order, and provide it to defense counsel for review. These pages will not be produced to Defendant
     until the protective order is approved by the Court.

United States District Court
Northern District of California

underlying the privilege. This is necessarily a somewhat *ad hoc* balancing process."); *see also United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir. 1987).

The documents in this case appear marginally beneficial to the defense, particularly because Defendant has not offered an entrapment defense to the crimes alleged. The evidence may have some evidentiary value, however, as to the defense's motion to dismiss for outrageous government conduct. The portions the government has redacted are sufficiently related to ongoing investigations, and much of the information, if disclosed, could possibly thwart necessary law enforcement activities. The redactions are slight when compared to the vast portions of the two documents produced. In light of these facts, the Court has balanced the Defendant's need for this information against the policies underlying the LEP, and finds that the redactions sought are appropriate.

### D.    Enhanced Protective Order

The Government is HEREBY ORDERED to draft an enhanced protective order and provide it to Defendant for review no later than Friday, December 5, 2014. The parties are to meet and confer regarding any disputes over the enhanced protective order. If the parties cannot reach agreement as to the terms of the enhanced protective order, they must file with the Court a letter brief not to exceed two (2) pages outlining their disagreement, so that the Court may resolve it.

Upon its approval by the Court, the Government will produce the documents to Defendant that are subject to the enhanced protective order. All other documents shall be produced to Defendant with redactions consistent with this Order **no later than December 4, 2014.**

**IT IS SO ORDERED.**

Dated: December 3, 2014

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California