**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| USA,<br>           Plaintiff,<br>    v.<br>KEITH LARSON,<br>           Defendant. | Case No. 12-cr-00886-BLF-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL MATERIALS REGARDING PROFFERED GOVERNMENT EXPERTS**<br><br>[Re: ECF 292] |

Before the Court is Defendant's Motion to Compel Materials Regarding Proffered Government Experts. ECF 292. The motion was heard on November 24, 2015. For the reasons explained below and on the record at the hearing, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

**I.   BACKGROUND**

Defendant Keith Larson is charged with three felony counts: attempted aggravated sexual abuse of a child, 18 U.S.C. §§ 2241(c), 2246; travel with intent to engage in sexual conduct with a minor, 18 U.S.C. §2423(b); and online enticement of a minor, 18 U.S.C. § 2242(b). *See* Superseding Indictment, ECF 217.

Trial commenced on November 2, 2015. The Government concluded its case-in-chief on November 6, 2015. On November 16, 2015, Defendant concluded his case and the Government commenced rebuttal. On November 19, 2015, the Government filed supplemental disclosures regarding two rebuttal expert witnesses: Dr. John H. White and James Beasley. ECF 288 ("White Notice"), 289 ("Beasley Notice"). *Daubert* hearings are scheduled for Beasley and White on

November 30 and December 1, 2015, respectively.

Defendant now moves for an order compelling the Government to provide materials regarding White and Beasley by no later than November 25, 2015. ECF 292. With regard to Beasley, Defendant specifically requests Kenneth Lanning's study on the typology of sex offenders ("Lanning study"), referenced in ¶ 3 of the Beasley Notice, and the research regarding preferential-type sex offenders referenced in ¶ 6. *See* Mot. at 2. With regard to White, Defendant requests the peer-reviewed articles relating to sex crimes referenced in ¶ 2 of the White Notice, the treatment and interviews of over 400 sex offenders referenced in ¶3, and support for the statistic that "40% of sexual offenders admit to being sexually abused" ("40 Percent Statistic") in ¶ 7. In addition, Defendant requests materials not referenced but relied upon in rendering the opinions; materials establishing that the expert opinions have been tested and peer reviewed, have gained general acceptance, and are controlled by error rates and standards; a list of cases in which the experts have given related opinions, as well as the written opinions, notices, and transcripts connected to such testimony; and *Brady*, *Giglio*, *Jencks*,[1] and *Henthorne* materials regarding both proffered experts.

## II.     LEGAL STANDARD

### A. Expert Witnesses

Rule 16(a)(1)(G), which governs expert witness disclosures, requires the government to "give to the defendant a written summary of any testimony that the government intends to use . . . during its case-in-chief at trial." The summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The rule does not require disclosure of the actual materials on which an expert relied. *United States v. Herrera*, No. CR 08-0730 WHA, 2010 WL 5396015, at *1 (N.D. Cal. Dec. 23, 2010).

### B. Documents and Objects

Rule 16 additionally requires that the government, upon a defendant's request, "permit the defendant to inspect and to copy or photograph" documents and objects if they are "within the

---

[1] At the hearing, the Government represented that it has no *Jencks* material for White or Beasley.

2

1  government's possession, custody, or control" and are material to preparing the defense. Fed. R.
2  Crim. P. 16(a)(E)(i).

### III.  DISCUSSION

Defendant argues that, although Rule 16 does not require the Court to order the release of the requested materials, it is well within the Court's discretion to do so. Mot. ¶¶ 11, 13.

Rule 16 "specifies categories of witnesses and documentary evidence that are subject to *mandatory* pretrial disclosure." *United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008) (emphasis in original). These categories do not include the names of rebuttal witnesses, *see United States v. Gering*, 716 F.2d 615, 621 (9th Cir. 1983), *United States v. Angelini*, 607 F.2d 1305, 1308 (9th Cir. 1979), much less the content of or bases for their testimony.

At the same time, "Rule 16(d)(1) permits the court, 'for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief,' and Rule 16(d)(2) grants the court broad authority to enforce [Rule 16], including by any order 'that is just under the circumstances.'" *Grace*, 526 F.3d at 510. Thus, the Court agrees with Defendant: while Rule 16 does not require the government to produce the materials Defendant requests, it does grant the Court the discretion to order production of certain materials.

Previously, the Court ordered the Government to submit a more thorough statement of the rebuttal experts' anticipated opinions and the bases for those opinions. The Government timely complied and also submitted updated *curriculum vitaes* for the experts. Those additional disclosures were sufficient to provide proper notice of the anticipated rebuttal testimony.

Defendant now requests a broad swathe of materials related to the rebuttal witnesses' testimony. Defendant asserts that the notices make it difficult to identify the precise information on which the experts base their opinions.[2] Recognizing Defendant's need to prepare, the Court GRANTS Defendant's motion with respect to the specific materials listed below and DENIES the motion otherwise.

---

[2] Defendant additionally argues that he has had very limited time to prepare, given the timing of the government's disclosures. However, Defendant previously represented that the two week stay granted by the Court would be sufficient to cure any prejudice resulting from the timing.

The Court ORDERS the Government to provide to Defendant:

- The opportunity to inspect and copy the Lanning study referenced in ¶ 3 of the Beasley Notice;
- A list of the research referenced in ¶ 6 of the Beasley Notice, and the opportunity to inspect and copy any of these materials in the Government's possession or control;
- A list of any previous cases in which White has testified, as referenced in ¶ 2[3] of the White Notice, or confirmation that the three instances identified in White's *curriculum vitae* are the only cases in which White has previously testified in court as an expert on matters broadly relating to the issues in this case;
- A list of any studies, papers, or reports summarizing or discussing any aggregate of the 400 interviews referenced in ¶ 3 of the White Notice, and the opportunity to inspect and copy any of these materials in the Government's possession or control;[4]
- A list of any research or studies on which White will rely to support the 40 Percent Statistic, and the opportunity to inspect and copy any of these materials in the Government's possession or control.[5]

The Court ORDERS the Government to seek these materials immediately and to produce them to Defendant by no later than close of business on November 25, 2015. To the extent that the Government is unable to comply with this order, the Court DIRECTS the Government to provide Defendant with an email update of its efforts to date and its expected timeline for delivering any remaining lists or documents.

**IT IS SO ORDERED.**

Dated: November 24, 2015

BETH LABSON FREEMAN
United States District Judge

---

[3] The Court does not order the Government to list or produce the peer-reviewed journals related to sex crimes referenced in ¶ 2 of the White Notice based on the Government's representation that all of these journals or articles are listed in White's curriculum vitae.
[4] This expressly does not require the Government to produce or identify any individual interviews.
[5] The Government is not required to turn over any such materials if White's testimony about the 40 Percent Statistic is based on the entirety of his professional experience.

4